# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL E. COLLINS, in his capacity as trustee for Opus Medical Management, LLC, et al., </br></br>Appellant, </br></br>v. </br></br>TURNING POINT MEDICAL, LLC and GEOMETRIC TECHNOLOGIES INC., </br></br>Appellees. | No. 16-cv-2630-SHL-dkv |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Chief Bankruptcy Judge David S. Kennedy's ("Bankruptcy Judge") Report and Recommendation ("Report") filed on August 1, 2016. (ECF No. 1.) For the following reasons, the Report is **ADOPTED**.

The Bankruptcy Judge prepared this Report pursuant to Federal Rule of Bankruptcy Procedure 9033, reflecting Appellant's "concern about a bankruptcy court's authority to enter a final judgment, by default, in a fraudulent transfer controversy, in the absence of voluntary and knowing consent of the parties or the filing of a proof of claim." (Id.) In the Report, the Bankruptcy Judge recommends that this Court grant the Appellant's Motion for Default Judgment and enter judgment in favor of the Appellant against Appellee Turning Point Medical ("Appellee"), along with a money judgment pursuant to 11 U.S.C. §550(a) in the amount of $141,032.44, plus a filing fee in the amount of $350. (Id.) The Bankruptcy Judge recommends that default judgment is warranted because the Appellee "has not appeared or otherwise participated in the bankruptcy case." (Id.)

When "[a] bankruptcy judge [hears] a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 . . . the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. §157(c)(1). Pursuant to this statute, Federal Rule of Bankruptcy 9033(b) provides that a party may, within 14 days after

being served with a copy of a proposed findings of fact and conclusions of law, "file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection."  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party objects.  Fed. R. Bankr. P. 9033(d).

The deadline to object to the Report has passed, and Appellee has not filed any objections.[1]  The Court has reviewed the Report for clear error and finds default judgment appropriate in this case pursuant to Federal Rule of Bankruptcy Procedure 7055.  Therefore, the Court hereby **ADOPTS** the Bankruptcy Judge's Report and Recommendation and **GRANTS** Appellant's Motion for Default Judgment against Defendant Turning Point Medical, LLC in the amount of $141,032.44, plus costs in the amount of $350, representing the filing fee in this matter.

**IT IS SO ORDERED,** this 31st day of August, 2016.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

---

[1] On August 1, 2016, the Court entered an Order Setting Scheduling in Bankruptcy Appeal pursuant to Federal Rule of Bankruptcy 8009(a), which only applies to an "appeal from a judgment, order, or decree of a bankruptcy court." (ECF No. 3.)  That Order should be disregarded because the Report and Recommendation before the Court is not an appeal.